**Albert H. CARTER, Plaintiff-Appellant,**

v.

**Andrew DOLCE, et al.,
Defendants-Appellees.**

No. 84–1025

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 14, 1984.

Rehearing Denied Oct. 8, 1984.

Albert H. Carter, pro se.

Richard E. Sandstrom, Fort Lauderdale, Fla., Frederick J. Wagner, Dania, Fla., for defendants-appellees.

TATE, Circuit Judge:

The plaintiff Albert Carter, acting pro se, appeals from the judgment of the district court dismissing with prejudice his diversity action against the defendants. On appeal, Carter essentially contends (1) that the district court erred in dismissing his substantive claims against the defendants with prejudice on the ground that those claims were frivolous pursuant to 28 U.S.C. § 1915(d), and (2) that the district court abused its discretion by denying his "independent actions" for relief from prior federal court dismissals and state court judgments pursuant to Fed.R.Civ.P. 60(b). Finding Carter's contentions to be without merit, we affirm.

The plaintiff Carter, who has previously filed over 178 actions in various courts, *see Carter v. Telectron, Inc.,* 452 F.Supp. 944, 954 (S.D.Tex.1977) (list of cases filed by Carter as of 1977), filed the present complaint in the district court for the Western District of Texas alleging seven claims for relief. They are:

1. A claim seeking damages from the defendants for an alleged conspiracy to wrongfully indict and convict Carter of embezzlement.

2. A claim for $17,485.67 in damages from Carter's former employer for unpaid sales commissions and unreimbursed business expenses.

3. A claim for $26,931.56 in damages as reimbursements for the defendants' allegedly defective products, which had been sold by Carter to third parties and sold to Carter himself.

4. A claim for additional damages on claims 2 and 3 because of the effects of inflation.

5. An independent action under Fed.R. Civ.P. 60(b) to vacate a dismissal with prejudice entered by the district court for the Southern District of Texas, *Carter v. Telectron, Inc.,* Civil Action No. G–77–9 (S.D.Tex.1977).

6. An independent action under Fed.R. Civ.P. 60(b) to vacate two state court judgments against Carter, identified as *Carter v. Dolce,* No. 79–CI–10253 (73rd district court of Bexar County, Texas) and *Carter v. Telectron, Inc.,* No. 79–CI–12476 (166th district court of Bexar County, Texas).

7. An independent action under Fed.R. Civ.P. 60(b) to vacate a dismissal with prejudice entered by the district court for the Northern District of Texas, *Carter v. Dolce,* No. CA2–82–062 (N.D.Tex.1982).

The district court referred Carter's pro se complaint to a magistrate for a report and recommendation on whether Carter should be allowed to proceed in forma pauperis and whether Carter's complaint was frivolous under 28 U.S.C. § 1915(d). The magistrate recommended that (1) Carter be permitted to proceed in forma pauperis and that (2) Carter's complaint be dismissed as a frivolous action under § 1915(d). The district court adopted the magistrate's findings, and dismissed Carter's action with prejudice. Carter now appeals.

### I.

Carter claims that the district court erred in dismissing his diversity action with prejudice since he had stated colorable grounds for relief in his substantive claims against the defendants (Claims 1 through 4, summarized above). In prior unsuccessful litigation, Carter has either previously litigated or previously had the opportunity to litigate claims identical to those asserted by Claims 1, 2, 3 and 4 of his present complaint. Therefore, by Claims 5, 6 and 7, Carter brings "independent actions" under Fed.R.Civ.P. 60(b) to set aside those previous dismissals and judgments so that

he may here once again relitigate those previously presented issues concluded adversely to him. Carter candidly admits in his pro se brief on appeal that he must prevail on Claims 5–7 (seeking vacation of previous judgments) before he can prevail on Claims 1–4 (asserting substantive grounds for relief).

Because we find that the district court did not abuse its discretion in denying Carter's independent actions for relief from these previous judgments (*see* Part II, *infra*), we find no error in the district court's determination that Carter's present diversity action should be dismissed with prejudice as a frivolous attempt to relitigate previously settled issues.

### II.

As stated above, Carter's substantive claims for relief are frivolous unless the judgments that previously determined claims identical to those presented here are set aside under Fed.R.Civ.P. 60(b). Fed.R. Civ.P. 60(b) states in part that:

> This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court.

The independent action is a vestige of the equity powers of federal courts, preserved by a "savings clause" in Rule 60(b), that provides a mechanism for relief from a prior judgment in certain narrowly-defined circumstances. As one commentator describes it,

> Resort to an independent action may be had only rarely, and then only under unusual and exceptional circumstances. It is not the function of an independent action to relitigate issues finally determined in another action between the same parties. It is not a remedy for inadvertence or oversight by the losing party in the original action, nor will it lie on behalf of a party who was himself at fault.

11 Wright & Miller, Federal Practice & Procedure, § 2868 at p. 239.

■ In *Addington v. Farmer's Elevator Mutual Insurance Co.*, 650 F.2d 663, 668 (5th Cir.), *cert. denied*, 454 U.S. 1098, 102 S.Ct. 672, 70 L.Ed.2d 640 (1981), this court affirmed a district court's denial of an independent action for relief, noting particularly that "the plaintiff has alleged no facts indicating that the issues raised [in the previous action] were not open to litigation in the former action or that he was denied a fair opportunity to make his claim or defense in that action." Applying these standards to the present case, we find no abuse of discretion in the district court's denial of Carter's Rule 60(b) independent actions for relief.

Carter alleges that the district court should have vacated a dismissal with prejudice in Civil Action No. G–77–9 (S.D.Tex. 1977), in which Carter had asserted a claim identical to the first claim alleged in Carter's present complaint. Carter alleges that this previous dismissal should be vacated because it was premised on Carter's state court conviction, which has since been overturned on federal habeas review. *Carter v. Estelle*, 677 F.2d 427 (5th Cir.1982) (habeas writ granted on double jeopardy grounds), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983).

A review of the district court's opinion in this previous action belies Carter's contention. The dismissal of Civil Action No. G–77–9 is reported in *Carter v. Telectron, Inc.*, 452 F.Supp. 944 (S.D.Tex.1977). That district court specifically noted that Car-

ter's conspiracy claim was "without arguable merit and therefore frivolous in accordance with current case law on this point." 452 F.Supp. at 1002. The district court did not advert to and placed no reliance on Carter's state court conviction (which was later overturned). We find no grounds that support Carter's contention that the district court abused its discretion in denying his Rule 60(b) independent action to vacate Civil Action No. G–77–9.[1]

■ Carter also claims that the district court abused its discretion by denying his independent action for relief from a prior dismissal with prejudice entered in *Carter v. Dolce*, Civil Action No. CA2–82–062 (N.D.Tex.1982), which raised claims identical to Carter's second, third and fourth claims in the present suit. The district court in that action articulated five alternative reasons to support its dismissal of the case with prejudice. Carter's present independent action for relief merely attacks each ground of that prior ruling. The independent action is not a basis for the relitigation of issues adjudicated by the judgment now sought to be annulled. *Addington, supra*, 650 F.2d at 668. Accordingly, the district court did not abuse its discretion in denying Carter's independent action to vacate the dismissal with prejudice in Civil Action No. CA2–82–062.[2]

*Conclusion*

We find no abuse of discretion in the district court's denial of Carter's Rule 60(b) independent actions for relief from the dis-

---

**1.** Carter raises other allegations of error about the dismissal of Civil Action No. G–77–9, but we can find no reason why these other questions could not have been raised on a direct appeal from the dismissal. In accordance with the principle that a Rule 60(b) independent action may not be used merely to relitigate settled issues, *see Addington, supra*, 650 F.2d at 668, Carter's other allegations are thus not proper grounds for relief in a Rule 60(b) independent action.

**2.** Carter also asserts that the district court erred in the present case by failing to address his independent action under Rule 60(b) to vacate two state court judgments against him. (*See* Carter's Claim 6, *supra*). The district court

apparently stopped short of that issue since it refused to grant Rule 60(b) relief as to the two federal court dismissals (Civil Action Nos. G–77–9 and CA2–82–062). Since the federal court dismissals alone foreclosed review of Carter's substantive claims in Counts 1 through 4, it was not necessary for the district court to rule on the independent action for relief from those state court judgments challenged by Carter. Moreover, we note that a substantial issue exists as to whether a Rule 60(b) independent action is an available mechanism for challenging a state court judgment. *See* 11 Wright & Miller, Federal Practice & Procedure, § 2868 at p. 245. We, of course, leave that question for another day.

missals with prejudice entered in Civil Action Nos. G–77–9 and CA2–82–062. The substantive claims raised by Carter in the present suit are identical to those settled in these previously dismissed actions. We therefore AFFIRM the district court's judgment dismissing this action with prejudice.

AFFIRMED.