**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-21152

In The Matter Of: SAMUEL H. RANGE,

Debtor.

SAMUEL H. RANGE; CONNIE C. RANGE,

Appellants,

VERSUS

UNITED STATES OF AMERICA,

Appellee.

Appeal from the United States District Court
For the Southern District of Texas, Houston Division

(USDC No. 4:00-CV-787)

August 20, 2002

Before JONES, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellants Samuel H. Range and Connie C. Range (collectively

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

hereinafter "Ranges") appeal the district court's decision affirming the bankruptcy court's ruling pursuant to an adversary proceeding wherein the bankruptcy court held that Mr. Range's income tax liability for the 1983 through 1985 tax years was not discharged in his 1992 Chapter 7 bankruptcy. The Ranges also challenge the denial of their Rule 60(b) motion/independent action for relief from judgment and their motion for attorney's fees and costs. For the reasons that follow, we affirm.

## BACKGROUND

The Ranges were married in 1980. Prior to 1980, Mr. Range had filed income tax returns, but Mrs. Range had not. For the 1980 tax year, the Ranges were granted an extension of time, until August 15, 1981, to file their 1980 joint income tax return. The Ranges did not file their 1980 return, however, until March 1983. Over the next several years, the Ranges filed for several more extensions of time but failed to ever file their income tax returns. In June 1987, after being contacted by the Criminal Investigation Division of the Internal Revenue Service (hereinafter "IRS"), the Ranges filed their 1981 through 1985 income tax returns. No payment of the taxes was made, however, either prior to or contemporaneously with the filing of the 1981 through 1985 tax returns.

Although extensions were requested, the Ranges also failed to timely file their 1986 through 1989 income tax returns. After

requesting an extension, the Ranges timely filed their 1990 return including a payment of $1,000 toward their reported tax liability. In 1991, The Ranges were charged in connection with their failure to file timely income tax returns. In return for dropping the charge against him for the 1984 tax year and all charges against Mrs. Range for the 1983 through 1985 tax years, Mr. Range pleaded guilty to charges of willful failure to file timely income tax returns for 1983 and 1985. In 1992, Mr. Range filed for Chapter 7 bankruptcy and received a discharge under 11 U.S.C. § 727. In May 1995, the IRS assessed penalties against the Ranges for fraud in connection with their taxes for the years of 1983 through 1986. On May 11, 1995, the IRS sent Mr. Range a Notice of Deficiency for Civil Fraud Penalties for the 1983 through 1985 tax years. On the same day, a joint notice was sent to the Ranges for fraud penalties for 1986. In July 1995, Mr. Range filed an adversary proceeding in the bankruptcy court seeking a determination that his income tax liability and penalties for the tax years of 1981 through 1985 were discharged in his 1992 bankruptcy. Mr. Range also sought damages from the IRS for allegedly violating the discharge injunction pursuant to 11 U.S.C. § 524 by sending him deficiency notices on May 11, 1995. Subsequently, the IRS agreed to withdraw the deficiency notices in exchange for Mrs. Range's agreement to file her own Chapter 7 bankruptcy. An Agreed Order was entered requiring withdrawal of the deficiency notices and an injunction against administrative collection efforts during the pendency of

the adversary proceeding.

Mrs. Range filed for Chapter 7 bankruptcy on August 8, 1995. Despite entry of the Agreed Order, the IRS failed to withdraw the deficiency notices and attempted to collect from Mrs. Range. In September 1995, the Ranges filed a motion for contempt against the IRS for violating the Agreed Order. The motion resulted in the entry of a second Agreed Order declaring the deficiency notices for the 1983 through 1986 tax years null and void; ordering the IRS not to take action to assess and/or collect pre-petition taxes, interest, or penalties while the adversary proceeding and Mrs. Range's bankruptcy petition were pending; and requiring the IRS to credit one of the Ranges' civil fraud penalties in the amount of $3,750.

Mrs. Range was granted a discharge in bankruptcy on April 5, 1996, and subsequently filed an adversary proceeding to determine the dischargeability of her tax liability and penalties. The two adversary proceedings were consolidated on September 16, 1996. In a Joint Pre-Trial Order, the government conceded that the penalties against Mr. Range for the years 1981 through 1988 and the penalties against Mrs. Range for the years 1981 through 1990 were discharged in their respective Chapter 7 bankruptcies pursuant to 11 U.S.C. § 523(a)(7). The bankruptcy court held a trial on the remaining matters in September 1997.

In February 1998, the bankruptcy court issued its Findings of Facts and Conclusions of Law wherein the bankruptcy court

-4-

determined that the Ranges: (1) had a duty to pay the tax liability at issue; (2) knew that they had a duty to file tax returns and pay taxes; and (3) had the financial ability to pay the taxes but voluntarily and intentionally chose not to pay. The bankruptcy court further found that the "IRS actually recognized the 'discharge' in Bankruptcy of the Ranges' liability and abated the taxes in question." Notwithstanding its findings regarding discharge and abatement, the bankruptcy court concluded that the tax liability remained a valid debt still owing and subject to collection. The bankruptcy court also found that Mr. Range suffered no damages from the issuance of the deficiency notices that were not already compensated for by the Agreed Order crediting the Ranges' liability for the $3,750 civil fraud penalty. Additionally, the bankruptcy court noted that regardless of the Agreed Order, "the United States ha[d] not waived sovereign immunity from liability for damages for such a violation," and thus, damages were not recoverable. Premised upon its findings of willful evasion and the existence of a valid debt, the bankruptcy court rendered a Final Judgment on April 13, 1998, ordering that Mr. Range's income tax liabilities for 1981 through 1985 and Mrs. Range's income tax liabilities for 1981 through 1990 were not dischargeable pursuant to 11 U.S.C. § 523(a)(1)(C). The Final Judgment also ordered that Mr. Range was not entitled to damages from the IRS on his claim for alleged violation of the discharge injunction provided under 11 U.S.C. § 524(a)(2).

The Ranges appealed the bankruptcy court's decision to the district court.  In March 1999, the district court affirmed the bankruptcy court's decision holding that the Ranges' tax liability was not discharged in bankruptcy and remained a valid debt.  The district court vacated the bankruptcy court's decision with respect to the award of damages, however, and remanded the issue to the bankruptcy court for further consideration.  Although the bankruptcy court had addressed the recovery of damages under 11 U.S.C. § 106, the Ranges argued on appeal that damages were recoverable under 26 U.S.C. § 7430.  Because the bankruptcy court's factual findings addressed recovery only under § 106, the issue was remanded to determine whether the Ranges satisfied the requirements for recovery of damages under § 7430.

While the appeal was pending in the district court, the Ranges requested the Inspector General's office to investigate their tax matter.  In June 1999, the Ranges allegedly received information from an investigator at the Inspector General's office indicating that the certified tax transcripts and certificates of assessment admitted at trial were falsified and testimony of the government's witnesses was perjured.  In July 1999, the Ranges filed a motion for costs and fees under 26 U.S.C. § 7430 and a motion for relief from judgment, or in the alternative, an independent action for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure as incorporated by Bankruptcy Rule 9024.  In support of their § 7430 motion, the Ranges argued that they were

entitled to fees and costs because they prevailed in their contention that the assertion of the fraud penalties violated the bankruptcy discharge injunction. The crux of the Ranges' argument in support of their motion for relief was that the government used falsified documents at trial and the government witnesses committed perjury that resulted in a fraud upon the court. The Ranges argued that but for the alleged falsified documents and perjurious testimony, they would have prevailed on the issue concerning the dischargeability of their tax liability and thus, they are entitled to relief from judgment.

Between August and November of 1999, the Ranges made two requests for an evidentiary hearing on their motions. The bankruptcy court denied the Ranges' motions in January 2000, without conducting a hearing. Because the Ranges' arguments in support of their Rule 60(b) motion for relief demonstrated that their motion was actually an independent action for relief, the bankruptcy court treated it as such.

Addressing the procedural aspects of the Ranges' motion for relief, the bankruptcy court stated that had the Ranges filed a Rule 60(b) motion, it would have been untimely in that the motion was not filed within the one year deadline from the judgment issued in February 1998. Treating the motion for relief as an independent action for relief under the savings clause of Rule 60(b), however, the bankruptcy court held that the motion still failed to satisfy the more lenient temporal requirement of being filed within a

reasonable time. As to the Ranges' equitable arguments, the bankruptcy court further held that the "issues were open to litigation, were litigated, and plaintiffs had more than a fair opportunity to make [their] claim or defense," and thus, were precluded by res judicata from re-litigating the issues in an independent action.

With respect to the § 7430 motion, the bankruptcy court held that the dischargeability of the tax liability was the primary object of the trial, the bankruptcy court's judgment, and the appeal to the district court, and notwithstanding the IRS's concession on the discharge of the tax penalties assessed against Mr. Range, the Ranges failed to show that they were the "prevailing party" at trial as that term is defined in § 7430(c)(4)(A) and as required for recovery. Because the bankruptcy court determined that the Ranges were not the prevailing party at trial and that relief from judgment was not warranted, the requests for an evidentiary hearing were also denied.

The Ranges again appealed to the district court. In November 2000, the district court affirmed the decision of the bankruptcy court. In so doing, the district court found that the fraud upon the court alleged by the Ranges did not rise to the level of fraud required under Rule 60(b) because "[a] fraud upon the Court does not exist where a judgment has simply been 'obtained with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury.'" The district

court held that the bankruptcy court did not abuse its discretion in denying the Ranges' motion for relief because an independent action is not a viable vehicle for re-litigating issues that were previously decided in a former action where a party was afforded a fair opportunity to make their claim or defense in that action. Upon finding that the Ranges were not the "prevailing party" at trial as required to recover under § 7430, the district court held that bankruptcy court did not abuse its discretion in denying the Ranges' § 7430 motion for fees and costs. Accordingly, the district court found that the bankruptcy court did not abuse its discretion in denying the Ranges' requests for an evidentiary hearing.

The Ranges raise three issues in the instant appeal. First, the Ranges maintain that the bankruptcy court erred in holding that Mr. Range is liable for income taxes for the years of 1983 through 1985. Second, the Ranges contend that the bankruptcy court abused its discretion by denying their Rule 60(b) motion/independent action for relief from judgment without conducting an evidentiary hearing. Finally, the Ranges assert that the bankruptcy court improperly denied their § 7430 motion for fees and costs.

## STANDARDS OF REVIEW

When reviewing a bankruptcy case on appeal, we must accept the bankruptcy court's findings of fact, "whether based on oral or documentary or evidence," unless they are clearly erroneous. FED.

-9-

R. BANKR. P. 8013; *In re Sims*, 994 F.2d 210, 217 (5th Cir. 1993). The bankruptcy court's conclusions of law are reviewed *de novo*. *In re Herby's Foods, Inc.*, 2 F.3d 128, 131 (5th Cir. 1993). We review the denial of a motion for relief from judgment under Rule 60(b) for abuse of discretion. *United States v. O'Keefe,* 169 F.3d 281, 286 (5th Cir. 1999); *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 599 (5th Cir. 1996). Similarly, we review the denial of an independent action for relief pursuant to Rule 60(b) under an abuse of discretion standard. *Carter v. Dolce,* 741 F.2d 758, 760 (5th Cir. 1984); *Fuentes v. Stackhouse,* 182 B.R. 438, 442 (E.D. Va 1995). We review a ruling on the award of attorney's fees under § 7430 for abuse of discretion, *Marre v. United States*, 117 F.3d 297, 301 (5th Cir. 1997), and "[w]e can only reverse if we have a definite and firm conviction that an error of judgment was committed." *Wilkerson v. United States*, 67 F.3d 112, 120 (5th Cir. 1995) (internal quotations and citation omitted).

### DISCUSSION

The Ranges argue that the bankruptcy court erred in holding that Mr. Range is liable for income taxes for the years of 1983 through 1985. Specifically, the Ranges assert that Mr. Range's tax liability was discharged in his 1992 Chapter 7 bankruptcy. The Ranges maintain that because the tax liability was discharged in bankruptcy and subsequently abated, the previous assessment was eliminated. The Ranges contend that any tax liability after

-10-

discharge and abatement would require a reassessment of the tax pursuant to the Treasury Regulations. The Ranges argue that because the three-year statutory limitations period expired, and the tax liability was not properly reassessed within the limitations period by an assessment officer signing the summary record of assessment as required by the Treasury Regulations, 26 C.F.R. § 301.6203-1, no tax liability remains for the IRS to collect.

In support of this argument, the Ranges assert that the bankruptcy court found that Mr. Range's tax transcripts reflected the IRS's recognition of the discharge in bankruptcy and abatement of his tax liability. The government argues, however, that Mr. Range's tax liability was neither discharged in his 1992 bankruptcy nor abated. The government contends that although the Ranges' tax transcript contained an entry acknowledging Mr. Range's discharge in bankruptcy, Mr. Range's liability was excepted from discharge under 11 U.S.C. § 523(a)(1)(C) due to his willful attempt to evade or defeat the tax. The government further contends the entry acknowledging the discharge was a clerical error resulting from an IRS technician's erroneous determination that Mr. Range's liability was dischargeable. Additionally, the government asserts that the tax liability at issue was not abated, but rather transferred from the Ranges' joint master file account to a non-master file account in the name of Mrs. Range as a result of the technician's erroneous determination that Mr. Range's liability was dischargeable.

-11-

Finally, the government argues that the IRS is authorized to abate a tax assessment only where the liability is: (1) excessive in amount; (2) is assessed after the expiration of the period of limitations properly applicable thereto; or (3) is erroneously or illegally assessed, and none of these circumstances apply to tax liability at issue.

The Ranges initiated adversary proceedings to determine whether their income tax liabilities were discharged in their separate Chapter 7 bankruptcies. Both the government and the Ranges presented the bankruptcy court with documentary evidence regarding Mr. Range's tax liability. The documents, however, reflected two different account balances and each party argued that they supported their respective position. The government's witnesses also testified that the taxes were not abated and the entry in the transcripts acknowledging a discharge was made in error.

Although the bankruptcy court found that the "IRS transcripts in evidence reflect[ed] that the IRS actually recognized the 'discharge' in Bankruptcy of the Ranges' liability and abated the taxes in question," the bankruptcy court found the documentary evidence to be merely one form of evidence of the tax liability and the oral testimony another form of evidence of the tax liability. The bankruptcy court found that the Ranges: (1) had a duty to pay the taxes at issue; (2) knew that they had that duty; and (3) had the financial ability to pay the taxes but voluntarily and

intentionally chose not to pay, and notwithstanding the IRS's recognition of the discharge in bankruptcy of the Ranges' liability and abatement of the taxes in question, a valid debt existed which was subject to collection and not dischargeable.

The Ranges' arguments fail for several reasons. Under 11 U.S.C. § 524(a)(2), a § 727 discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [debt discharged under § 727] as personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). Pursuant to 11 U.S.C. § 727, the court shall grant a Chapter 7 debtor a discharge from all debts that arose before the date of the order for relief, unless one of the conditions enumerated in § 727 is present. 11 U.S.C. § 727. One such condition enumerated in § 727 is when the liability is excepted from discharge under § 523. 11 U.S.C. § 727(b). Section 523 excepts from discharge, liabilities for a tax with respect to which the debtor willfully attempted in any manner to evade or defeat. 11 U.S.C. § 523(a)(1)(C). Except for the provisions of § 523(b)[1], there are no limitations imposed by § 523 on the non-dischargeable status of these types of liabilities. 11 U.S.C. § 523. Thus, a tax liability excepted from discharge under § 523(a)(1)(C), because

---

[1]Section 523(b) applies to debts which were excepted from discharge in a prior bankruptcy case concerning the debtor and is not applicable to the instant case.

-13-

of a willful attempt in any manner to evade or defeat such tax, is non-dischargeable as a matter of law, and no additional action is required by the creditor.[2]  Furthermore, a tax liability excepted from discharge under § 523(a)(1)(C) is not protected from collection by the permanent injunction provided under § 524(a)(2).

In *In re Bruner,* 55 F.3d 195 (5th Cir. 1995), we approved a three prong test for determining whether a tax liability is dischargeable pursuant to § 523(a)(1)(C).  In the case of a debtor who is financially able to pay his taxes, a debt is non-dischargeable when the debtor: (1) had a duty to pay the taxes at issue; (2) knew that he had that duty; and (3) voluntarily and intentionally chose not to pay.  *Id.* at 197.

---

[2]Debts excepted from discharge under § 523(a)(1)(C) differ from some other debts excepted under § 523 in that debts excepted under § 523(a)(1)(C) are excepted automatically and a creditor's failure to file a proof of claim or object to the discharge does not affect the dischargeability or non-dischargeability of the debt.  In contrast, pursuant to § 523(c)(1), debts specified in § 523(a)(2), (4), and (6) are automatically discharged "unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge."  11 U.S.C. § 523(c)(1).  This interpretation is further supported by Bankruptcy Rule 4007 governing the determination of dischargeability of a debt.  Rule 4007(c) provides that "[a] complaint to determine the dischargeability of any debt pursuant to § 523(c) (i.e. § 523(a)(2), (4), and (6)) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors" while Rule 4007(b) provides that "[a] complaint other than under § 523(c) may be filed at any time." FED. R. BANKR. P. 4007(b) and (c).  Furthermore, Rule 4007(a) provides that a complaint *may* be filed by a debtor or any creditor to obtain a determination of the dischargeability of any debt, but it does not require that a complaint *must* be filed by either party. FED. R. BANKR. P. 4007(a).

Applying *Bruner* to the instant case, the bankruptcy court found that the Ranges attempted to evade or defeat their tax liabilities for the years of 1983 through 1985 and thus found the liabilities to be non-dischargeable under § 523(a)(1)(C). The Ranges fail to address the non-dischargeable status of Mr. Range's tax liability pursuant to § 523(a)(1)(C).[3] Although the Ranges argue that oral testimony is insufficient to establish a tax liability, this argument is not persuasive.

The Ranges' argument is premised upon the validity of the underlying abatement. Abatement of income taxes is authorized when the unpaid portion of the assessment or any liability in respect thereof is: (1) excessive in amount; (2) assessed after the expiration of the period of limitation properly applicable thereto; (3) erroneously or illegally assessed. 26 U.S.C. § 6404(a). The tax liabilities at issue in the instant case do not fall into any of the three enumerated categories in § 6404(a), and the Ranges do

---

[3]The Ranges fail to address the non-dischargeable status of Mr. Range's tax liability pursuant to § 523(a)(1)(C) except to state their belief that *Bruner* does not accurately state the law on this issue. Rather, the Ranges contend that the issue is controlled by the Eleventh Circuit's holding in *In re Hass*, 48 F.3d 1153 (11th Cir. 1994), which requires proof that the taxpayer undertook an affirmative act to defeat or evade a tax in order for a tax liability to be non-dischargeable under § 523(a)(1)(C). This argument is without merit. We have repeatedly held that willful attempts to evade or defeat tax liabilities for purposes of determining dischargeability under § 523(a)(1)(C) include acts of omission as well as acts of commission. *See Bruner,* 55 F.3d at 200; *In re Grothues*, 226 F.3d 334, 339 (5th Cir. 2000).

not dispute the validity of the original tax assessments for the years of 1983 through 1985. Furthermore, an abatement executed outside of the scope of the statutory authority conferred by § 6404(a) is not effective. Although evidence was presented indicating that the IRS acknowledged Mr. Range's discharge in bankruptcy, neither the certificates of assessments nor the certified tax transcripts indicated that the IRS abated Mr. Range's tax liability. Rather, that the IRS abated the taxes at issue was simply the position taken by the Ranges because the certified tax transcripts showed a zero tax liability and did not also show the entries transferring the tax liabilities to Mrs. Range as a result of the IRS technician's erroneous determination that Mr. Range's tax liability was discharged in his 1992 bankruptcy. It is not necessary that we determine whether the bankruptcy court was correct in determining that the documentary evidence indicated that the IRS actually abated the tax liabilities. Even assuming that the bankruptcy court was correct, and the IRS did abate the taxes, the abatement would be ineffective as it would have been outside the IRS's abatement authority because the tax liabilities at issue did not fall within one of the three categories enumerated in § 6404(a) and thus were not eligible for abatement.

Because Mr. Range's tax liability was non-dischargeable under § 523(a)(1)(C) and no valid authority existed authorizing the IRS to abate the tax liability at issue, the bankruptcy court's determination that Mr. Range's tax liability for the years of 1983

through 1985 was not discharged in his 1992 bankruptcy and remains a valid debt subject to collection was not clearly erroneous.

The Ranges contend that the bankruptcy court abused its discretion and improperly denied their § 7430 motion for fees and costs and their Rule 60(b) motion/independent action for relief from judgment without conducting an evidentiary hearing. Having determined that Mr. Range is liable for income taxes for the years of 1983 through 1985, we find that the bankruptcy court did not abuse its discretion in denying either the Ranges' § 7430 motion for fees and costs or their Rule 60(b) motion/independent action for relief from judgment without conducting an evidentiary hearing.

## CONCLUSION

For the reasons stated above, the district court's judgment affirming the bankruptcy court is AFFIRMED.