[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 20, 2005
THOMAS K. KAHN
CLERK

No. 05-13018
Non-Argument Calendar

D. C. Docket No. 03-00038-CV-4

DENNIS K. RINGS,
CONTINENTAL INSURANCE COMPANY,
Subrogated to the rights of Dennis K. Rings,

Plaintiffs-Appellants,

versus

CHATHAM COUNTY, GA,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Georgia

**(September 20, 2005)**

Before TJOFLAT, ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

In Continental Ins. Co. v. Chatham County, Ga., 112 Fed.Appx. 3 (Table)

(11th Cir. 2004) (unpublished), <u>reh'g denied</u>, 122 Fed.Appx. 988 (Table) (11th Cir. 2004), we affirmed the district court's decision granting Chatham County summary judgment based on the doctrine of residual common law sovereign immunity. Continental thereafter moved the district court under Fed. R. Civ. P. 60(b)(1) and (6) to vacate its judgment. The gist of its argument for vacation is that the district court, and thus this court, erred in granting the County sovereign immunity as they did. In other words, Continental wanted a second bite at the appeal.

The district court denied Continental's motion, stating:

> [Continental's] arguments were rejected on direct appeal. . . . They therefore cannot be relitigated under Rule 60(b) absent some extraordinary circumstance, which does not exist here. *See Carter v. Dolce*, 741 F.2d 758, 760 (5th Cir. 1984) (Rule 60(b) "may not be used merely to relitigate settled issues"); *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (Rule 60(b)(6) requires extraordinary circumstances justifying relief from extreme and undue hardship); *Schiavo ex rel. Schindler v. Schiavo*, ___ F.3d ____, 2005 WL 681652 at *1 (11th Cir. 3/25/05) (the law-of-the-case doctrine precludes courts from revisiting issues decided explicitly or by necessary implication in a prior appeal).

Continental now appeals. We affirm. Given the above precedent it relied upon, we cannot say that the district court abused its discretion in denying Continental's motion.

AFFIRMED.

2